UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC CONRAD GULBRONSON, | No. 2:22-cv-1335 AC P |
| Petitioner, | |
| v. | ORDER AND FINDINGS & RECOMMENDATIONS |
| P. HORN, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

I.  The Petition

Although petitioner's pleading is styled as a § 2254 petition, he does not challenge his sentence or conviction. Instead, petitioner alleges that his Eighth and Fourteenth Amendment rights were violated when he was placed in a management cell for twenty-one days in retaliation for unspecified conduct and his personal property was stolen. EFC No. 1 at 3-4. A petitioner may seek federal habeas relief from a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In order for the court to have habeas jurisdiction over petitioner's claims, success on the merits must necessarily result in petitioner's speedier release from custody. Nettles v. Grounds, 830 F.3d 922, 934-35 (9th Cir. 2016) (en banc).

1

Because petitioner challenges the conditions of his confinement, his claims should have been brought, if at all, as a civil rights action under 42 U.S.C. § 1983. Nettles, 830 F.3d at 931 ("[I]f a state prisoner's claim does not lie at 'the core of habeas corpus,' it may not be brought in habeas corpus but must be brought, 'if at all,' under § 1983," (internal citations omitted)). Because the petition does not challenge petitioner's conviction or sentence and success on the merits of the petition will not guarantee his speedier release, this court lacks jurisdiction.

II. Conversion to a Civil Rights Claim

"[A] district court may construe a petition for habeas corpus to plead a cause of action under § 1983 after notifying and obtaining informed consent from the prisoner." Nettles, 830 F.3d at 936. A district court may re-characterize a habeas petition "'[i]f the complaint is amendable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief.'" Id. (quoting Glaus v. Anderson, 408 F.3d 382, 388 (7th Cir. 2005)). However, a prisoner civil rights suit differs from a habeas petition in a variety of respects, such as the proper defendants, type of relief available, filing fees, and restrictions on future filings. Id. (quoting Robinson v. Sherrod, 631 F.3d 839, 841 (7th Cir. 2011)). The exhaustion requirements for filing a prisoner civil rights complaint also differ from those required in a federal habeas action.

Due to these differences and the disadvantages that re-characterization may have on petitioner's claims, this court will not offer petitioner the option to re-characterize the petition as a civil rights complaint. However, petitioner is free to file a new complaint under § 1983 if he wishes to do so.[1]

III. Certificate of Appealability

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in these findings and recommendations, a substantial showing of the denial of a constitutional right has

---

[1] The court takes no position on whether petitioner may ultimately be able to state a claim for relief under § 1983.

2

not been made in this case.  Therefore, no certificate of appealability should issue.

IV.   Plain Language Summary of this Order for a Pro Se Litigant

The petition should be dismissed because you do not challenge your sentence or conviction and, even if you are successful on your claims, it will not result in you being released from custody sooner.  As a result, the court does not have habeas jurisdiction.  Because of all the differences between a habeas petition and a claim under § 1983, the court will not convert your claims into a request for relief under § 1983.  You are free to file a separate complaint under § 1983, but the court does not guarantee that you will be successful.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall randomly assign a United States District Judge to this action.

IT IS FURTHER RECOMMENDED that:

1. The petitioner's application for writ of habeas corpus be dismissed for lack of habeas jurisdiction.

2. This court decline to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 21, 2022

_allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE